IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ELKINO DENARDO DAWKINS,**

    **Plaintiff,**

vs.                                                Case No. 4:12cv475-RH/CAS

**STATE OF FLORIDA,**

    **Defendant.**

_____/


## AMENDED REPORT AND RECOMMENDATION

Plaintiff, who is pro se, submitted a civil rights complaint on September 17, 2012. Doc. 1. Plaintiff also filed a motion seeking leave to proceed in forma pauperis. Doc. 2. An Order and Report and Recommendation was entered on September 19, 2012, granting Plaintiff's in forma pauperis motion and recommending that this case be dismissed. Doc. 4. Plaintiff's copy of that ruling has been returned to the Court as undeliverable. Docs. 5, 6. Therefore, the recommendation for dismissal is amended to also recommend the case be dismissed for failure to prosecute as Plaintiff has not provided the Court with an address where legal mail can reach him.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which may be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless."  Id.  This case lacks both an arguable basis in law and presents a factual assertion that is groundless.

Plaintiff sues the State of Florida for false imprisonment. Doc. 1.  Plaintiff alleged that he was "sent to Florida State Prison wrongfully and also wrongfully admitted into Florida State Mental Hospital."  Id.  When Plaintiff was released, he contends he was "denied [his] unemployment benefits as well as Social Security Income benefits."  Id.  Plaintiff provides no dates as to when any of these events took place.  Nevertheless, the Eleventh Amendment bars suits against the State for money damages unless waived by the State or Congress.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-103 (1984).  The State of Florida has not waived its immunity, nor has Congress waived the immunity of the states through §1983.  Therefore, Plaintiff cannot sue the State of Florida for his requested relief of seven million dollars.

Moreover, this case should be dismissed because Plaintiff's allegations fail to state a claim.  A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff's complaint fails to demonstrate that his incarceration at FSP has been invalidated and,

therefore, it fails to state a claim upon which relief may be granted.  This case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted and because Plaintiff has failed to provide a valid mailing address.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**